**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4243
_____

ULYESSES B. ADAMS,
                                            Appellant

v.

PENNSYLVANIA SUPREME COURT; PENNSYLVANIA COMMONWEALTH
COURT; PHILADELPHIA COURT OF COMMON PLEAS
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-13-cv-05457)
District Judge:  Honorable C. Darnell Jones, II
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 7, 2014

Before:  AMBRO, SHWARTZ and NYGAARD, Circuit Judges

(Opinion filed: March 10, 2014)
_____

OPINION
_____

PER CURIAM

Pro se appellant Ulyesses Adams appeals the District Court's orders dismissing his

complaint under 28 U.S.C. § 1915 and denying his motion for reconsideration.  We have

jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal order, see Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000), and review the denial of the motion for reconsideration for abuse of discretion, see Max's Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). For the reasons set forth below, we will affirm the District Court's judgment.

This case concerns, at bottom, damage to Adams's house that he alleges was caused by the City of Philadelphia's demolition of a neighboring home. Adams sued the City in the Philadelphia Court of Common Pleas; that Court ultimately granted summary judgment to the City. Adams then appealed to the Pennsylvania Commonwealth Court, which affirmed. He also filed a document in the Pennsylvania Supreme Court. Although the nature of that filing is unclear, he states that he obtained no relief.

Dissatisfied with the outcome of these proceedings, Adams instituted a federal action under 42 U.S.C. § 1983, naming as defendants the Court of Common Pleas, the Commonwealth Court, and the Supreme Court (collectively, "the Pennsylvania Courts"). The District Court dismissed Adams's complaint, concluding that it lacked subject-matter jurisdiction to review a state-court decision under the Rooker-Feldman doctrine, see D.C. Ct. of App. v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413 (1923), and that the Pennsylvania Courts were immune from suit under the Eleventh

2

Amendment. Adams filed a motion for reconsideration, the Court denied the motion, and Adams then filed a timely notice of appeal to this Court.

We agree in full with the District Court's resolution of this case. To the extent that Adams contends that the Pennsylvania Courts harmed him through their adjudication of his state action, we agree with the District Court that the claim is barred by the Rooker-Feldman doctrine. That doctrine deprives federal courts of subject-matter jurisdiction over claims when "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). While this doctrine is "narrow," id. at 169, it encompasses at least some aspects of Adams's complaint. Adams had judgment entered against him in state court; he argues that by these rulings, the Pennsylvania Courts violated his right to a fair trial; the Pennsylvania Courts' orders preceded the federal action; and he explicitly asked the District Court to overrule the Pennsylvania Courts. Accordingly, this species of claim is barred by the Rooker-Feldman doctrine. See generally Bianchi v. Rylaarsdam, 334 F.3d 895, 900 (9th Cir. 2003).

Moreover, to the extent that Adams seeks damages for the underlying harm to his

home, the District Court correctly held that the Pennsylvania Courts are entitled to immunity under the Eleventh Amendment. See, e.g., Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 241 (3d Cir. 2005). While states can waive their Eleventh Amendment immunity, see Koslow v. Pennsylvania, 302 F.3d 161, 168 (3d Cir. 2002), Pennsylvania has not done so, see 42 Pa. Cons. Stat. § 8521(b). Further, although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of § 1983, the federal law under which Adams proceeds. See Quern v. Jordan, 440 U.S. 332, 345 (1979).[1] Accordingly, the District Court correctly dismissed Adams's claims concerning the alleged damage to his home.

We further discern no abuse of discretion in the District Court's order denying Adams's request for reconsideration. A motion for reconsideration is a limited vehicle used "to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood, 176 F.3d at 677 (quotation marks omitted). In his motion, Adams presented the same arguments that the District Court had previously rejected; the District Court properly refused to allow Adams to relitigate issues that it had already decided. See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010).

Finally, we deny Adams's request to strike the Pennsylvania Courts' appellate

---

[1] Given the legal failings of Adams's complaint, we are satisfied that amendment to the complaint would be futile, and therefore conclude that the District Court properly dismissed the complaint without providing leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

4

brief. Contrary to Adams's contention, the Pennsylvania Courts' brief was timely. <u>See</u>

Fed. R. App. P. 31(a)(1); Fed. R. App. P. 26(c).

Accordingly, we will affirm the District Court's judgment.